United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joshua Rizack, as Liquidating Trustee of the Grandparents.com, Inc. and Grand Card LLC Liquidating Trust, Plaintiff,<br><br>v.<br><br>Starr Indemnity & Liability Company, Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 20-21744-Civ-Scola<br>)<br>)<br>)<br>) |

**Order Denying Motion for Leave to Appeal**
**Bankruptcy Court's Order on Motion to Dismiss**

Movant Starr Indemnity & Liability asks the Court for leave to appeal the bankruptcy court's denial, in large part, of its motion to dismiss Joshua Rizack, as the liquidating trustee of the Grandparents.com, Inc. ("GP.com") and Grand Card LLC liquidating trust's, complaint. (Def.'s Mot., ECF No. 1.) Starr complains the bankruptcy court erred on multiple points in denying its motion to dismiss. In response, Rizack points out various deficiencies in Starr's motion, among them: (1) the motion fails to comply with the Local Rules; (2) Starr has not met its burden of showing that an interlocutory appeal would be permissible; and (3) Starr has not met its burden of showing that, even if permissible, the appeal would be warranted. (Pl.'s Resp., ECF No. 7.) Starr did not file a reply to the response and the time to do so has passed. After careful review, the Court agrees with Rizack and **denies** Starr's motion for leave to appeal.

**1. Background**

In the underlying case here, Rizack sued Starr, in a four-count complaint, (1) seeking to avoid an allegedly fraudulent transfer under 11 U.S.C. § 548(a)(1)(B); (2) seeking to avoid an allegedly fraudulent transfer under 11 U.S.C. § 544 and Fla. Stat. § 726.106(1); (3) seeking to recover property transferred, or the value of such property, under 11 U.S.C. § 550 or Fla. Stat. §§ 727.108, 109; and (4) objecting to Starr's claim. As described in the complaint, Starr and GP.com entered into an agreement, in 2013, under which Starr was required to provide various consulting services to GP.com, a website offering services to the elderly. (Def.' Mot. at ¶¶ 1–2; Pl.'s Resp. at 2.) In return, GP.com agreed to pay Starr $80,000 a month plus an additional sum if certain benchmarks were met. (Def.'s Mot. at ¶ 2; Pl.'s Resp. at 2.) According to the complaint, GP.com paid Starr a total of $2,160,000 within four years of the bankruptcy-petition date.

(Def.'s Mot. at ¶ 3; Pl.'s Mot. at 3.) The complaint also alleges GP.com was insolvent or inadequately capitalized at the time the payments were made. (Pl.'s Mot. at 3.) Finally, the complaint maintains GP.com did not receive reasonably equivalent value for the payments. (*Id.*)

In responding to the complaint, Starr filed a motion to dismiss for failure to state a claim. (*Id.* at 3.) Starr argued, in part, the complaint should be dismissed because its statutory claims were really just disguised breach-of-contract claims which were barred (1) because Rizack had not satisfied the notice-and-cure provisions of the agreement and (2) by the independent tort doctrine. (*Id.*) After hearing oral argument, the bankruptcy court rejected Starr's arguments and denied, in large part, its motion to dismiss. (*Id.*)

## 2. Legal Standard

District courts have discretion to hear appeals from interlocutory orders of the bankruptcy courts. 28 U.S.C. § 158(a)(3). "In determining when to exercise this discretionary authority, a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b)." *In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla. 1995) (citing *In re Charter Co.*, 778 F.2d 617, 620 (11th Cir. 1985)). Under this standard, the district court may permit an appeal of an interlocutory order, if it presents (1) a controlling question of law, (2) with respect to which there is substantial ground for difference of opinion, and (3) the resolution of which would materially advance the ultimate termination of litigation. 28 U.S.C. 1292(b); *In re Celotex Corp.*, 187 B.R. at 749. However, even if all the factors are present in a particular case, a court may nevertheless decline to hear the appeal. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). "Interlocutory review is generally disfavored for its piecemeal effect on cases." *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 823 (S.D. Fla. 2007) (Gold, J.). "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *McFarlin*, 381 F.3d at 1259. Through this lens, the Court considers the instant motion.

## 3. Analysis

To begin with, the Court notes Starr's motion fails to comply with Local Rules 7.1(c)(2) and 7.1(a)(3). Rule 7.1.(c)(2) limits motions, absent prior permission from the Court, to twenty-pages. Starr's motion is thirty-pages long and Starr never sought the Court's leave for an enlargement of pages—even after Rizack pointed out the noncompliance in his opposition. (Pl.'s Resp. at 2 n. 1.) Next, Rule 7.1(a)(3) requires a moving party, with exceptions not applicable here,

to confer with all parties who may be affected by the relief sought "in a good faith effort to resolve by agreement the issues to be raised in the motion." The moving party must then certify, at the end of the motion, the results of the conferral. S.D. Fla. L.R. 7.1(a)(3). Again, even after Rizack pointed out the omission in his response, Starr failed to address its noncompliance. The "[f]ailure to comply with the requirements of . . . Local Rule [7.1(a)(3)] may be cause for the Court to . . . deny the motion." *Id.* Because Starr never attempted to remedy its motion's deficiencies, the Court finds denial of its motion warranted on that basis alone.

Additionally, however, the Court also notes Starr's motion fails on the merits as well. Starr sets forth four questions it believes warrant granting it leave to appeal:

> (1) "whether a payment made pursuant to a prior, validly executed contract is per se for reasonably equivalent value unless that contract is set aside";
>
> (2) "whether, where a contract has not and cannot be set aside, payments of antecedent debts under the contract can still be classified as fraudulent transfers";
>
> (3) "whether conditions precedent to recovery that are applicable to a debtor are obviated when a Trustee, stepping into the shoes of that debtor, seeks to recover on a contract claim; and
>
> (4) "whether the Bankruptcy Court correctly analyzed under what authority the Trustee was bringing its claims, and whether that authority permitted the claims without avoiding the [contract]."

(Def.'s Mot. at 8.) The Court agrees with Rizack that Starr has not established the three factors necessary, with respect to any of these questions, to proceed with an appeal of the bankruptcy court's order.

Under the heading, "Controlling Question of Law," Starr sets forth a handful of generalized statements. First, Starr explains, "While many courts have determined that payments of antecedent debts pursuant to a valid contract cannot be fraudulent transfers unless the contract is set aside, the Bankruptcy Court seems to disagree, and there is a dearth of authority in the Eleventh Circuit and in Florida." (Def.'s Mot. at 12.) This springs from Starr's second question on appeal, detailed above. Next, Starr complains, as apparently relates to its fourth question on appeal, above, the bankruptcy court disagrees with a number of courts that have held, "a Bankruptcy Court must analyze the authority under which a Trustee sues, and not accept the Trustee's characterization as to his claim, [in order] to properly decide a fraudulent transfer claim." (*Id.*) As to this point, Starr says, again, "there is a dearth of law in the Eleventh Circuit." (*Id.*) Starr then concludes, without any actual analysis,

that "[a] determination of these questions would dispose of a wide spectrum of cases and settle these disputes in the Eleventh Circuit" and, therefore, "this case satisfies the controlling question of law standard." (*Id.*) Other than setting forth the standard for the controlling-question-of-law factor, this is the extent of Starr's analysis of this issue. This does not convince the Court that these issues are controlling questions of law.

"An issue is characterized as a controlling question of law if it deals with a question of pure law, or matters that can be decided quickly and cleanly without having to study the record." *Figueroa*, 382 B.R. at 824. Additionally, "[a] question is controlling only if it may contribute to the determination, at an early stage, of a wide spectrum of cases." *Samsung Semiconductor, Inc. v. AASI Liquidating Tr. ex rel. Welt*, 12-23707-CIV, 2013 WL 704775, at *5 (S.D. Fla. Feb. 26, 2013) (cleaned up)[1] (Rosenbaum, J.). "The term 'question of law' does not mean the application of settled law to fact." *McFarlin*, 381 F. 3d at 1258. Instead, a controlling question of law "is more of an abstract legal issue or what might be called one of pure law[:] matters [a reviewing court] can decide quickly and cleanly without having to study the record." *Id.* (cleaned up) (alterations added here).

Without more, the Court is unable to determine that the questions posed by Starr are indeed controlling questions of pure law. First, even if the Court were to agree with Starr that "many courts have determined that payments of antecedent debts pursuant to a valid contract cannot be fraudulent transfers unless the contract is set aside," Starr has failed to explain how the Court can find this pronouncement controlling here, without first looking at the facts of this case. Put another way, without evaluating the facts of this case, compared to facts before the "many courts," the Court has no way of determining whether the fraudulent transfer claim here depends on a finding that the contract at issue should be set aside. Indeed, Rizack contends it does not. In the cases relied upon by Starr, it appears the plaintiffs themselves, in those cases, framed their claims as depending on setting aside the contracts at issue. *See, e.g.*, *In re Cent. Illinois Energy Coop.*, 526 B.R. 786, 789 (Bankr. C.D. Ill. 2015), *aff'd*, 15-1118, 2016 WL 299007 (C.D. Ill. Jan. 25, 2016) (where a trustee sought to show that a contract "was unenforceable for want of consideration" and therefore the transfers from the debtor were constructively fraudulent). The Plaintiff here, on the other hand, maintains the contractual payments in this case can be classified as fraudulent transfers, despite a contract that has not been set aside. Determining whether this is so would require the Court "to delve beyond the

---

[1] The Court uses (cleaned up) to indicate that internal quotation marks, alterations, or citations have been omitted from quotations. *See, e.g.*, *Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020).

surface of the record in order to determine the facts." *McFarlin*, 381 F.3d at 1259. Starr's conclusory insistence that it has met the standard of the controlling-question-of-law factor is insufficient to show otherwise.

Next, Starr maintains that a controlling question of law in this case is "[w]hether a Bankruptcy Court must analyze the authority under which a Trustee sues, and not accept the Trustee's characterization as to his claim, [in order] to properly decide a fraudulent transfer claim." Again, Starr offers no analysis as to why this is a controlling question of law in this case. And, indeed, the Court agrees with Rizack that this is certainly not a controlling question of law because it is solely focused on what the bankruptcy court did in this specific case. Ultimately, the Court cannot determine "whether the Bankruptcy Court correctly analyzed under what authority the Trustee is bringing his claims," "without having to study the record," *Figueroa*, 382 B.R. at 824. The Court would have to examine "the Trustee's characterization" of his claim, in this specific case, and then evaluate the bankruptcy's court treatment of that characterization in light of the issues raised in Starr's motion to dismiss, below. In the end, Starr has failed to state "[t]he legal question . . . at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *McFarlin*, 381 F.3d at 1259.

As to Starr's other questions on appeal—questions one and three—Starr does not even allege they satisfy the controlling-question-of-law standard. In fact, the majority of Starr's overlength motion focuses on rehashing its arguments below. But the burden of persuading a court that a request for an interlocutory appeal meets all three factors rests squarely on the shoulders of the movant. *Id.* at 1264. Without even an allegation that its first and third questions on appeal satisfy the requirement that they qualify as controlling issues of law, Starr fails to meet its burden.

Starr has not shown that any of its questions on appeal qualify as controlling questions of law. And, because a court may deny leave to appeal if a movant fails to establish any one of the factors, *Figueroa*, 382 B.R. at 824, the Court **denies** Starr's motion in its entirety (**ECF No. 1**).

The Court directs the Clerk of Court to **close** this case.

**Done and ordered** at Miami, Florida, on July 1, 2020.

_____
Robert N. Scola, Jr.
United States District Judge